# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DC LIQUIDATORS, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14 C 7222 |
| WAREHOUSE EQUIPMENT SPECIALISTS, LLC and SHAWN MARCO, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendants Warehouse Equipment Specialists, LLC (WES) and Shawn Marco removed this case from state court based on diversity of citizenship. On December 1, 2014, this Court remanded the case to state court. Plaintiff DC Liquidators has moved for an award of attorneys' fees and expenses pursuant to 28 U.S.C. § 1447(c). For the reasons outlined below, this Court grants the motion and awards DC $11,596.39.

### Procedural History

On March 27, 2014, DC filed suit against defendants in state court for breach of contract and conversion. On that same date, DC moved for a temporary restraining order and a preliminary injunction. DC later amended its complaint to add a breach of fiduciary duty claim.

Before the state court, defendants moved to quash service of summons. On June 8, 2014, DC filed an affidavit from a process server who stated that he had served

defendants with summons on June 6, 2014. On August 26, 2014, the state court judge ruled that defendants had, in fact, been properly served as of June 6, 2014.

About three weeks after the state court judge's order, on September 15, 2014, dependents removed the case to federal court, asserting there was federal jurisdiction based upon diversity of citizenship. With regard to the parties' citizenship, defendants stated in their notice of removal only that DC is "an Illinois Limited Liability Company," WES is "a New York Limited Liability Company," and Marco "is a New York resident." Not. of Removal ¶ 13. Two days after defendants removed the case, the Court entered an order specifically identifying several deficiencies in the citizenship allegations and directing defendants to correct those deficiencies within two weeks or face remand. *See* Order of Sept. 18, 2014.

On September 23, 2014, defendants filed an amended removal notice. They said that according to public records in the Illinois Secretary of State's Office, DC—which defendants had described as a limited liability company—"is incorporated [sic] in Illinois." Am. Not. of Removal ¶ 13. They also asserted that DC's principal place of business is in Illinois. *Id.* Defendants also identified DC's managers as Illinois "resident[s]". *Id.* Defendants further stated that WES is "a limited liability company incorporated [sic] in the State of New York" and that its sole member, Shawn Marco, "is a New York resident." *Id.* Later, after DC moved to remand the case, defendants' attorney offered an affidavit stating that Marco is a citizen of New York and is the only member of WES. This, however, did not cure defendants' failure to describe *DC's* citizenship.

This Court remanded the case to state court via an order dated December 1,

2014. The Court first noted that defendants had failed to show diversity of citizenship despite multiple attempts. Order of Dec. 1, 2014 at 2. Second, the Court concluded, defendants' removal of the case was untimely. *Id.* The removal statute requires the removing defendant to file the notice of removal within thirty days after the defendant's receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim that gives the basis for removal. 28 U.S.C. § 1446. The Court concluded that because the state court had ruled that service was proper as of June 6, 2014, the time for removal expired thirty days after that, on July 6, 2014. Order of Dec. 1, 2014 at 3.

## Discussion

DC has moved for an award of attorney's fees pursuant to 28 U.S.C. § 1447(c). Section 1447(c) authorizes a court, when it remands a case to state court to award "any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that this statute permits a court, "absent unusual circumstances, to award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "[C]ourts determine whether an act is objectively reasonable by examining the clarity of the case law" at the time the defendant filed his notice of removal. *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007). More specifically,

> if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.

*Id.* at 793.

3

The law on timeliness of removal was clearly established. Section 1446(b) unequivocally states that a party has thirty days from a suits commencement to file a removal. The state court ruled that the defendants were served with summons on June 6, 2014. Yet defendants did not file their notice of removal until September 15, 2014. The removal was plainly contrary to established law. Defendants seem to believe that the time for removal ran from the date of the state court's decision denying their motion to quash service. However, they offer no support for this contention, which is contrary to the plain language of section 1446(b).

The law is equally clear that the state court's decision on the propriety of service was binding after removal, unless vacated or modified in federal court—a step defendants never asked this Court to take. "Whenever any action is removed from State court to a district court of the United States . . . [a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. This unambiguous statutory language constitutes clearly established law that made defendants' late removal of the case objectively unreasonable.

Defendants elected to litigate the adequacy of service in state court. This choice was theirs to make, but it represented a calculated risk on their part. Specifically, they took the risk that if the state court concluded that service was proper, by then it would be too late to remove the case to federal court. Having made this choice, defendants had to live with the consequences. The Court concludes that defendants lacked an objectively reasonable basis to remove the case.

Defendants' removal of the case also disregarded clearly established law relating

4

to establishing diversity of citizenship. The Court does not rely on this as an independent basis for awarding attorney's fees, for reasons that will become apparent. That said, defendants' inattention to the law in removing the case lends support to the proposition that there was no objectively reasonable basis for removal.

As indicated earlier, defendants' initial notice of removal essentially said nothing at all about the parties' citizenship. This contravened 28 U.S.C. § 1446(a), which requires a party's removal notice to "contain[ ] a short and plain statement of the grounds for removal . . . ." Rather, the initial removal notice referred only to the states where the two limited liability companies that are parties had been formed. It has been clear in this circuit since *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1999), however, that this is a jurisdictionally irrelevant fact; the relevant inquiry involves the citizenship of the LLC's members, not where the LLC was formed. In addition, defendants' initial removal notice said nothing about Marco's citizenship; it referred only to his residence. It is well established that residence in a state does not necessarily mean citizenship in that state and thus that an allegation of residence alone is insufficient as an allegation of citizenship. *See, e.g., Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

In short, the removal notice was doubly deficient and failed to show an objectively reasonable basis for removal. The Court could have simply remanded the case at that point. Instead, the Court called the citizenship defects to defendants' attention and gave them a chance to correct the defects. But defendants still failed to correct the defects. They filed an amended notice that erroneously described the plaintiff, DC Liquidators, LLC, as "*incorporated* in Illinois" and WES as "*incorporated* in

5

the State of New York," and they repeated the statement about Marco being a "resident" of New York. All of this made it apparent that defendants had paid no attention to established law regarding jurisdictional requirements.

Defendants ultimately cleared up the citizenship of Marco and WES—albeit only after the Court gave them a second chance at a do-over—and it is true, as they point out, that at a hearing on October 21, 2014, the Court deemphasized the citizenship issue and focused on the question of the timeliness of the removal. Because of the Court's comments on October 21, the Court does not now rely on defendants' ultimate failure to establish complete diversity as a separate basis for imposition of attorney's fees under section 1447(c). Their disregard of clearly established law on this point at and even after the removal of the case, however, further buttresses the Court's conclusion that they lacked an objectively reasonable basis to remove the case.

**Conclusion**

For the reasons stated above, the Court grants plaintiff's motion for attorney's fees and expenses [dkt. no. 17]. Because the defendants do not challenge the amount or reasonableness of plaintiff's fee request, the Court awards plaintiff the full amount requested, $11,596.39. Defendants are directed to pay this sum to plaintiff within fourteen days after entry of this order on the docket.

                                                              _____
                                                              MATTHEW F. KENNELLY
                                                              United States District Judge

Date: March 27, 2015

6